■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BURGESS, Appellant.—Judgment, Supreme Court, New York County, ren-dered April 28, 1977, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him thereunder, is unanimously affirmed. The only error claimed on appeal is that two police officers testified that the eyewitness victim had identified the defendant as the perpetrator of the robbery and that this constituted "bolstering" under the rule of *People v Trowbridge* (305 NY 471). The evidence and reference to it in the summa-tion were not objected to. In any event, in our view, the error was harmless.

The identification was strong, positive, and made within minutes after the crime. No evidence at all was offered by defendant. While court and counsel should be careful to guard against impermissible bolstering, it would appear to us that such bolstering standing alone would rarely constitute reversible error except where there is a reasonable danger that the jury may take the officer's testimony, that the eyewitness victim identified the perpetrator, as a substitute for identification by the eyewitness victim, as for example, if the eyewitness identifier does not testify or if undue prominence is given to the bolstering testimony. Absent these considerations, it is hard to see how the defendant is prejudiced by the fact that a police officer says that the eyewitness victim identified the defendant as the perpetrator in a case where the police officer does not himself purport to identify the defendant as the perpetrator, and the eyewitness who makes the actual identification testifies at the trial that he made such identification and subjects himself to cross-examination. We note that in the present case nobody disputes the truth of the police officers' testimony that the eyewitness victim said that the defendant was the perpetrator; and of course the eyewitness' own testimony that he made the out-of-court identification is expressly admissible. (CPL 60.30.) Concur—Silverman, J. P., Fein, Markewich, Lynch and Sullivan, JJ.