■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROLSTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered March 30, 1981, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), unlawful imprisonment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends, inter alia, that the initial photographic identification by the complainant was unduly suggestive and prejudicial and conducive to misidentification. We note that identification was not even at issue in the instant case; defense

counsel explicitly conceded that point at trial and rested his case entirely on the claim of consent. In any case, the use of an array of six photographs, in which it was not alleged that defendant's photograph was distinct, provided a fair and constitutionally adequate sample (*see, People v Haynes,* 88 AD2d 1070). Furthermore, the complainant's excellent opportunity to view her attacker combined with her detailed descriptions, furnish an independent basis for reliability of the in-court identification.

It was clearly error for the trial court to assume that the court interpreter's translations were sacrosanct or, indeed, that his qualifications could not be challenged. Nevertheless, defendant made no record of any serious error in translation and provides us with no basis for reversal.

Defendant's remaining contentions lack merit. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.