■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN Ko, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered December 5, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's objection to the court's charge on alibi has been raised for the first time on this appeal; therefore, this claim is not preserved for appellate review (see, People v Mayas, 126 AD2d 574, lv denied 69 NY2d 1006). In any event, the refusal by the court to employ the wording in the charge urged by the defendant, to wit, "even if you disbelieve each and every one of the alibi witnesses who testified, the presumption of innocence about which I've talked to you still exists", was not error. In its charge, the court stressed that the defendant had no burden to prove that he was not the person who committed the crime, but that this burden rested with the People. The court also charged that the People were required to prove the defendant's guilt beyond a reasonable doubt. These instructions adequately demonstrated the People's burden (see, People v Wintje, 68 NY2d 637).

The defendant argues that the performance by the court interpreter was so inadequate as to deprive him of his constitutional right of confrontation. Prior to the trial, the court determined that the interpreter was an official court interpreter who had acted in that capacity in the past. No objection was raised during the trial as to the adequacy of the translation during either direct or cross-examination. The matter, therefore, has not been preserved for our review (see, CPL 470.05 [2]; cf., People v Rolston, 109 AD2d 854). Furthermore, the defendant has made no record of any serious error in translation that would provide a basis for reversal (see, People v Rolston, supra).

The defendant further contends that the prosecutrix exceeded the bounds of propriety in her summation. The record demonstrates that when the court sustained the defendant's objections, the defendant did not request any further curative

instructions. In another instance, when the defendant's objection was not ruled on, the defendant did not press his objection. In fact, that statement, to which the defendant objected, was fair comment on evidence elicited by the defense during cross-examination.

The prosecutrix did misstate information about a visit to one of the witnesses by two Orientals. The record did not support her statement. While this was a misstatement, it is not of such moment as to require a reversal. Standing by itself, this comment did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

We have reviewed the remaining contention raised by the defendant and find it to be without merit. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.