■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY REDDISH, Also Known as JEFFREY BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Daniel P. McMahon, J.), rendered June 8, 1983, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing

him to an indeterminate term of imprisonment of from 7 to 21 years, unanimously affirmed.

The trial court properly refused defendant's request to charge the lesser included offense of petit larceny. There was no reasonable view of the evidence from which the jury could have found that defendant and codefendant Hill were not acting in concert. *(People v Glover,* 57 NY2d 61 [1982].) Moreover, the jury rejected the lesser offense of robbery in the second degree, thereby eliminating all lower degrees of the offense. *(See, People v Boettcher,* 69 NY2d 174, 180 [1987]; *People v Richette,* 33 NY2d 42, 45-46 [1973].)

Defendant has not preserved his claim that he was deprived of a fair trial due to ineffectiveness of trial counsel who failed to object to testimony concerning defendant's use of an alias during a court appearance weeks after his arraignment. No notice of the People's intention to use this statement was required under CPL 710.30 (1) (a). *(See,* CPL 710.20 [3]; 60.45.) Moreover, this testimony was stricken upon defense counsel's objection and no motion for a mistrial or request for special jury instructions was made.

The court acted within its discretion in determining that the interpreter provided by the prosecutor was competent *(People v Catron,* 143 AD2d 468 [3d Dept 1988]). There was no proof that any serious error in translation occurred during trial warranting a reversal *(People v Rolston,* 109 AD2d 854, 855 [2d Dept 1985]).

Defendant's contention that the prosecutor systematically excluded blacks from the jury in violation of *Batson v Kentucky* (476 US 79 [1986]) is unfounded inasmuch as the first five jurors sworn were black and other members of the jury may also have been black.

Finally, the allegedly improper comments made by the prosecutor in summation were unobjected to, and therefore are not preserved as a matter of law (CPL 470.05 [2]). In any event, were we to reach this claim in the interest of justice it would not warrant reversal. Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.