■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW STYLES, Appellant.—Judgment, Supreme Court, New York County (Richard Carruthers, J., at trial and sentence; Herbert Altman, J., at hearing), rendered May 18, 1987, convicting defendant, after a jury trial, of robbery in the second degree (Penal Law § 160.10 [2] [a]) and sentencing him as a second felony offender to a term of incarceration of 7½ to 15 years, unanimously affirmed.

The complainant's testimony as to the extent and duration of her injuries and continuous hearing impairment, corroborated by the testimony of responding police officers and underscored by the fact that EMS technicians provided medical attention, suffice to establish that she suffered "substantial pain" within the meaning of Penal Law § 10.00 (9). The complainant's subjective reaction, then, was only one factor among others which were considered. This showing safely exceeds the evidentiary threshold required in *Matter of Philip A.* (49 NY2d 198). As such, the evidence is legally sufficient to sustain the charge. Whether the "substantial pain" necessary to establish the robbery charge was proved then became an issue for the trier of fact *(People v Rojas,* 61 NY2d 726, 727).

The investigatory stop was proper *(People v Hicks,* 68 NY2d 234, 240-241). The street-scene showup was reasonable, "considering the kaleidoscopic nature of street encounters", and this confrontation was not " 'so unnecessarily suggestive and

conducive to irreparable mistaken identification that [defendant] was denied due process of law' " *(People v Acevedo,* 102 AD2d 336, 339). It was conducted so as to ensure a prompt and reliable determination of whether the police had the right suspect, and was neither unnecessary nor unduly suggestive in view of the proximity of defendant's apprehension to the crime, in time and space *(People v Love,* 57 NY2d 1023). The precinct showup was founded neither on exigency nor a determination that conducting a lineup would have been unduly burdensome and, as such, it was highly improper *(People v Riley,* 70 NY2d 523; *People v Lorick,* 142 AD2d 501). Nevertheless, we note that the initial, street-scene identification was positive and, ultimately, unequivocal, albeit after the complainant deliberated. Under these circumstances, reversal would not be warranted *(cf., People v Lorick, supra).* In any event, the complainant's detailed observations of the defendant before and during the robbery lead us to conclude that the trial court properly found the existence of independent source.

Defendant's claim of bolstering does not raise a classic *Trowbridge (People v Trowbridge,* 305 NY 471, 477) issue. The officer did not substitute his testimony for a nontestifying complainant's, nor did he bolster the complainant's identification *(see, People v Burgess,* 66 AD2d 667, 668). The most that can be made of his testimony would be that he concluded that defendant fit the transmitted description of the suspect. However, since the comment was off-the-cuff, not in response to the prosecutor's question, more in the nature of narrative testimony, and followed by a curative instruction, it is difficult to see how defendant was prejudiced. To whatever extent an impropriety occurred, it was harmless beyond a reasonable doubt *(People v Burgess, supra; People v Johnson,* 57 NY2d 969).

Defendant has forfeited his claim that the People failed to preserve as evidence the belt and the shirt, by failing to demand production thereof, despite being on notice, until trial *(People v Allgood,* 70 NY2d 812, 813). In any event, defendant had not made these items central to any defense, this evidence was not critical to the People's case, and it is difficult to see how defendant has been prejudiced.

Defendant has not overcome the presumption that he was provided with meaningful representation *(Strickland v Washington,* 466 US 668; *People v Baldi,* 54 NY2d 137). Nor has defendant demonstrated that but for counsel's purported er-

rors, the verdict would have been different *(People v De La Hoz,* 131 AD2d 154).

Defendant's challenge to the court's identification charge is meritless. Defendant has failed to demonstrate that the sentencing court abused its discretion in imposing sentence. Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.