■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE TAYLOR, Appellant.—

Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered June 11, 1987, convicting defendant, upon his guilty plea, of robbery in the first degree (three counts)

and sentencing him, as a second felony offender, from 8 to 16 years, to run concurrent with the first judgment, is unanimously affirmed.

The May 19, 1987 conviction of the defendant grew out of the robbery of the complainant in an elevator. The robbery took about two to three minutes. The complainant watched the defendant as he robbed him in a very small area with good lighting. Subsequently, the police arrested the defendant and the complainant identified him from a lineup.

At trial, the prosecutor elicited from a New York City detective testimony regarding the pretrial identification of the defendant. The defendant on appeal urges that such testimony constituted improper bolstering. While we agree that the prosecutor erred in eliciting the pretrial identification *(People v Trowbridge,* 305 NY 471 [1953]), such error was harmless *(People v Crimmins,* 36 NY2d 230, 238 [1975]). The court ordered the offending testimony stricken and the evidence of guilt was overwhelming. *(See, People v Rosario,* 127 AD2d 209 [1st Dept 1987].)* Moreover, based on the testimony, there was no danger that the jury would substitute the detective's testimony for the complainant's. *(People v Burgess,* 66 AD2d 667 [1st Dept 1978].)

Inasmuch as the conviction of June 11 arose from a plea of guilty based upon a promise of concurrent sentence, and we affirm the conviction of May 19, we need not vacate the plea conviction. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.