■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GILLIARD, Appellant.—Judgment of the Supreme Court, New York County (Stephen Crane, J.), rendered November 25, 1985, convicting defendant, after jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of from 12½ years to 25 years, and 7½ to 15 years, respectively, unanimously affirmed.

Defendant was arrested for the armed robbery of a token booth on April 8, 1984. During redirect examination of one of the token booth clerks, the witness, when asked from where she recognized defendant, blurted out, "A previous robbery." Defense counsel objected and moved for a mistrial. Upon this appeal, defendant, relying upon *People v Molineux* (168 NY2d

264, 313) and *People v Ventimiglia* (52 NY2d 350, 359), contends that denial of his motion constitutes reversible error.

The trial court correctly observed that defense counsel had opened up this area of inquiry by attacking the basis for the witness' identification. Therefore, even if her response had been intentionally elicited by the prosecutor, which it does not appear to have been, it was within the scope of the cross-examination and served only to "explain, clarify and fully elicit a question only partially examined by the defense" *(People v Regina,* 19 NY2d 65, 78; *see also, People v Melendez,* 55 NY2d 445, 451-452). Moreover, we note that the trial court had limited inquiry into defendant's involvement in the earlier token booth robbery in order to avoid prejudice to co-defendant Ronald Gamble, and any prejudice to defendant which may have been occasioned by the witness' remark was rendered harmless by the court's curative instructions *(People v Styles,* 156 AD2d 223, 224).

As to the propriety of the issuance of the search warrant executed at defendant's apartment, the available facts and circumstances, viewed together, supported a reasonable belief that evidence of the crime might be found at that location *(People v Bigelow,* 66 NY2d 417, 423). Defendant had been identified by the token booth clerk within 24 hours after the robbery. An informant stated that he had committed numerous robberies with defendant and that he had seen stolen articles from those crimes in defendant's apartment. This statement established a reasonable basis for both the informant's knowledge and his reliability *(People v Bigelow, supra,* at 423).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.