■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGELIO SOSA, Appellant

A 5th floor resident of the building at 21 West 106 Street observed a man climbing from an adjoining abandoned building through a window of a 3rd floor resident's apartment and called the police. One responding officer confronted defendant as he was scaling a fence in the rear alley of the building and defendant agreed to accompany the officer to the street in front of the building. The eyewitness, who was standing with other police officers on the roof of the building, identified defendant as the perpetrator as defendant stood on the street with other police officers. A television stolen from the 3rd floor apartment was later recovered in the alley where defendant was apprehended.

The evidence presented was sufficient for the jury to rationally conclude that the defendant was the perpetrator of the apartment burglary. (*See, People v Thompson*, 72 NY2d 410, 413.) The trial court sustained defense objections to questions that might have led to a police officer's bolstering of the eyewitness's pre-arrest identification. In any event, there was no danger that the jury took the officer's testimony as a substitute for the eyewitness's identification. (*See, People v Burgess*, 66 AD2d 667, 668.) Finally, the trial court's charge to the jury made it very clear that it was for the jury to

determine beyond a reasonable doubt that the defendant was actually the perpetrator observed by the eyewitness. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.