■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Robert M. Haft, J.), rendered May 19, 1987, convicting defendant after a jury trial, of four counts of robbery in the first degree and one count of attempted robbery in the first degree, and sentencing him, as a predicate felon, to consecutive terms of imprisonment totaling 57½ to 115 years, unanimously affirmed.

According to the People, defendant robbed four women and attempted to rob a fifth within a two-week period. Following defendant's arrest shortly thereafter on unrelated charges, three of the victims who lived in the same building, identified his picture from a photo array, and, at a lineup a few days later, and then at trial, he was identified by all five victims. There is no merit in defendant's argument that his guilt was not established beyond a reasonable doubt. Each one of the victims who identified defendant at the lineup and at trial was attacked under circumstances that supported reliability. Defendant's argument that it was error to admit the testimony of the detectives as to the victims' lineup identifications is unpreserved, and, in any event, non-prejudiced, since identification testimony itself was clear and strong (People v Johnson, 57 NY2d 969; People v Mobley, 56 NY2d 584; People v Burgess, 66 AD2d 667). Also unpreserved is defendant's argument that the failure of his trial counsel to object to the detectives' testimony deprived him of meaningful representation (People v Jones, 55 NY2d 771), and defendant does not in any event establish that he would have been acquitted had counsel succeeded in excluding this testimony (People v Mackey, 155 AD2d 297; People v De La Hoz, 131 AD2d 154, 157).

Defendant also challenges the fairness of the lineup, but the record shows that the participants were seated when they were viewed, and that defendant did not stand out as a result of his skin tone, age, height, and weight. Moreover, defendant does not show that any differences between himself and the other participants tended to emphasize any of his characteristics that were described by the victims (*People v Gonzalez*, 173 AD2d 48). We have reviewed defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.