■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELONZO HUBBARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 2, 1991, convicting him of robbery in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court's *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371) which permitted the prosecutor to cross-examine the defendant concerning his criminal history, if he testified, was an improvident exercise of discretion. Evidence of prior criminal, vicious, or immoral conduct may affect a defendant's credibility *(People v Duffy,* 36 NY2d 258, 262, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861). The defendant's prior convictions, especially those involving theft-related crimes, were relevant to the issue of his credibility *(see, People v Wendel,* 123 AD2d 410, 411; *People v Winfield,* 145 AD2d 449, 450; *People v Sandoval, supra,* at 377). Under the circumstances, the trial court properly exercised its discretion to permit cross-examination of the defendant regarding his prior convictions.

The defendant's contention on appeal that the court should have conducted a hearing on the issue of the interpreters' qualifications is unpreserved for appellate review. In any event, we find that the court properly exercised its discretion in determining that the interpreters were qualified *(see, People v Catron,* 143 AD2d 468; *People v Reddish,* 156 AD2d 195; *People v Frazier,* 159 AD2d 278). Furthermore, there was no showing of any significant or serious error in translation which would warrant reversal *(see, People v Reddish, supra; People v Frazier, supra).*

The court properly denied the defendant's request for a missing witness charge. The defendant failed to meet his burden of establishing that the uncalled witness "was in a position to have knowledge" about a material issue in the case *(see, People v Kitching,* 78 NY2d 532, 537; *People v Gonzalez,* 68 NY2d 424).

The defendant's contention that he was denied a fair trial by the prosecutor's summation comments is unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Larsen,* 157 AD2d 672). In any event, in light of the court's

prompt action in sustaining defense counsel's objection to the challenged remarks and issuing curative instructions to the jury, any prejudice was eliminated *(People v Santiago,* 52 NY2d 865; *People v Berg,* 59 NY2d 294). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.