■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VELDES, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J., at trial and sentence), rendered July 31, 1990, which, after a jury trial, convicted the defen-dant of criminal possession of a weapon in the second and third degrees and sentenced him as a predicate felony offender to concurrent terms of five to ten years and three to six years, respectively, unanimously affirmed.

The defendant exited a social club with the co-defendant after a fight with the complainant. The police officers arrested the defendant and co-defendant, and found a gun in the co-defendant's bag. At trial, the co-defendant testified against the defendant, and identified him as the person to whom the gun belonged. The complainant also identified the defendant as the assailant.

The defendant contends that he was denied a fair trial by implicit bolstering of the complainant's identification testi-mony by the police officer, and by statements in the prose-cutor's summation. However, defendant never objected to the officer's testimony at trial. Therefore, this claim is not pre-served for appellate review (CPL 470.05 [2]; *People v Burgess,*

66 AD2d 667). If we were to consider this claim in the interest of justice, we would find it to be without merit.

The prosecutor's argument that the officers had discharged their responsibilities was not error in view of the defendant's allegation that the police officers acted improperly *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.