■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COLON, Appellant.—Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered December 20, 1990, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of three and one-half to seven years, unanimously affirmed.

Defendant claims that the testimony of the arresting officer improperly bolstered the identification testimony of the eyewitness, and that this error, combined with the prosecutor's reference to the bolstering testimony during summation and the court's charge, requires reversal. These claims are unpreserved as a matter of law, and we decline to review them in the interest of justice. Were we to review we would affirm. While bolstering is impermissible, it does not in itself constitute reversible error where "[t]he identification was strong, positive, and made within minutes after the crime." *(People v Burgess,* 66 AD2d 667, 668.) Here, the eyewitness observed defendant during the crime and afterwards as defendant passed by his car and walked away, and identified defendant only minutes after the crime occurred. Therefore, the bolstering testimony and reference thereto in summation if error was harmless *(People v Mobley,* 56 NY2d 584).

We have considered defendant's remaining claims and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.