■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE HAWKINS, Also Known as STANLEY JENKINS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Naro, J.), both rendered September 7, 1988, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree under Indictment No. 4655/87, upon a jury verdict, and attempted burglary in the second degree under Indictment No. 29/88, upon his plea of guilty, and imposing sentences, and an amended judgment of the same court, also rendered September 7, 1988, revoking a sentence of probation previously imposed by the same court (Calabretta, J.) upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree under Indictment No. 1985/81. The appeal from the judgment under Indictment No. 4655/87 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments and the amended judgment are affirmed.

The Supreme Court properly declined to suppress identifica-

tion testimony since the evidence established that the prompt showup procedure was permissible. The complainant identified the defendant approximately 20 minutes after giving a description to the police and the circumstances represented one unbroken chain of events—crime, escape, pursuit, apprehension, and identification—all occurring within a limited geographic area *(see, People v Mitchell,* 185 AD2d 249). Contrary to the defendant's assertions, the fact that the defendant was identified while sitting in the rear portion of an unmarked police vehicle and in the presence of recovered property does not require suppression of the identification *(see, People v Capehart,* 151 AD2d 592).

The defendant's remaining arguments are either without merit *(see, People v Salaam,* 172 AD2d 860; *People v Suitte,* 90 AD2d 80; *People v Baldi,* 54 NY2d 137), or unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to review the unpreserved issue in the exercise of our interest of justice jurisdiction. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.