■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO GORDILLO, Appellant. [594 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered January 15, 1991, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of a fair trial due to the court's failure to instruct the jury that an indictment is not evidence, since the court did so instruct the jurors in its final instructions (see, 1 CJI[NY] 3.04, at 89).

Furthermore, the defendant made no record of any serious translation problems with his court-appointed interpreter. Therefore, his contention that he was unable to understand or participate in the proceedings or that he was deprived of a fair trial as a result thereof finds no support in the record (see, People v Frazier, 159 AD2d 278; People v Reddish, 156 AD2d

195; *People v Ko,* 133 AD2d 850; *People v Rolston,* 109 AD2d 854).

The court committed error in overruling the defendant's timely objection to the testimony of the arresting officer that he arrested the defendant after conferring with the complainant. This testimony constitutes inferential bolstering and violates the rule of *People v Trowbridge* (305 NY 471) *(see, People v Holt,* 67 NY2d 819; *People v Bryan,* 179 AD2d 667; *People v Vasquez,* 120 AD2d 757). However, in light of the overwhelming evidence of the defendant's guilt, this error must be considered harmless *(see, People v Holt, supra; People v Bailey,* 155 AD2d 467; *People v Hart,* 140 AD2d 711).

We have reviewed the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY HARRIS, Appellant. [596 NYS2d 702] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 10, 1991, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.