■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR ROWLETT, Appellant. [597 NYS2d 718] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 19, 1991, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to suppress identification testimony. The defendant matched the general description transmitted over the police radio and was apprehended within 20 minutes and a few blocks from the scene of the crime. The police acted properly in briefly detaining the defendant while awaiting the arrival of a witness (see, People v Hinds, 166 AD2d 542). Once identified by the witness, the police had probable cause to arrest the defendant. Contrary to the defendant's assertions, the subsequent police action in transporting him back to the crime scene for a showup identification was not gratuitous in light of the prior identification, and allowing the witnesses to view the defendant while he was handcuffed and seated in the rear of a police car did not render the showup unduly suggestive (see, People v Duuvon, 77 NY2d 541).

The defendant's remaining contentions are either without merit (see, Delaware v Fensterer, 474 US 15; People v Green, 56 NY2d 427; People v Stanard, 42 NY2d 74, cert denied 434 US 986; People v Suitte, 90 AD2d 80) or unpreserved for appellate review (see, CPL 470.05 [2]), and we decline to review the latter in the exercise of our interest of justice jurisdiction.

Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.