■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DOHERTY, Appellant. [603 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Sherman, J.), rendered February 10, 1992, convicting him of robbery in the second degree, and unauthorized use of a motor vehicle in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identifications were not so unnecessarily suggestive as to create a substantial likelihood of misidentification *(see, People v Duuvon,* 77 NY2d 541; *People v Adams,* 53 NY2d 241). We note that the identification which was made by a witness who was

very near the crime scene was conducted within minutes of both the commission of the crime and the witness's initial sighting of the defendant. Under these circumstances, "[a] speedy-on-the-scene viewing thus was of value * * * to law enforcement authorities * * * and was [thus] appropriate" *(People v Hicks,* 68 NY2d 234, 242). In addition, where the showup identification takes place within a short time after the crime and very near the crime scene, "[t]he fact that defendant was handcuffed in the patrol car alone does not transform the viewing into an unduly suggestive one" *(People v Duuvon,* 160 AD2d 653, *affd* 77 NY2d 541, *supra).* Similarly, the identification made by the complainant was conducted in temporal proximity to the commission of the crime and was otherwise properly conducted.

The defendant's contentions regarding his plea are unpreserved for appellate review since the defendant neither moved to withdraw his plea prior to sentencing nor raised the contentions by way of a motion to vacate the judgment of conviction *(see, People v Lopez,* 71 NY2d 662; *People v Claudio,* 64 NY2d 858; *People v Aloisi,* 177 AD2d 491). In any event, the plea allocution sufficiently established the elements of the crime *(see, People v Lopez, supra; People v Chessman,* 75 AD2d 187). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.