■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO AQUINO, Appellant. [608 NYS2d 643] —Judgment, Supreme Court, New York County (Richard Carruthers, J., at suppression hearing; Michael Corriero, J., at trial), rendered February 28, 1992, convicting defendant, after jury trial, of attempted robbery in the first degree (six counts) and attempted robbery in the second degree (three counts), and sentencing him to concurrent terms of 4 to 12 years on each first degree count and 1 to 3 years on each second degree count, unanimously affirmed.

The hearing court properly found that the consecutive showup identifications made by two complainants constituted acceptable police procedure, as proximate in time and place to the crime *(People v Duuvon,* 77 NY2d 541, 545). That defendant was detained handcuffed in a patrol car does not render the showup identifications *per se* unduly suggestive and, in any event, each complainant immediately identified defendant based upon his extended, close range view of defendant during

the robbery attempt *(People v Kirkland,* 192 AD2d 414, *lv denied* 81 NY2d 1075). The display to one of the complainants of a sweatshirt, cap and gun that presumably belonged to one of the would-be robbers immediately prior to that complainant's showup identification of defendant did not render the showup impermissibly suggestive, as the complainant's hearing testimony repeatedly confirmed that the items were in no way connected by the police to defendant, who was unequivocally identified out of a group of five suspects as the gun-toter.

The People's evidence at trial overwhelmingly proved that defendant and a cohort entered a Manhattan restaurant and threatened its three occupants with a gun and a knife, while demanding money from the maitre d'. The trial court properly denied defendant's request for a missing witness charge regarding the third restaurant occupant, on the grounds that there was no showing that the individual in question would have contradicted or added to the testimony of the other witnesses, and that defendant, who was aware of the identity of the potential witness, chose not to call him *(People v Almodovar,* 62 NY2d 126, 133).

We have considered defendant's additional claims of error and find they do not warrant modification of the judgment. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.