■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN HOLLEY, Also Known as JEFFREY EVANS, Appellant. [613 NYS2d 232] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Beerman, J.), both rendered October 16, 1990, convicting him of robbery in the first degree and robbery in the second degree under Indictment No. 1058/90, and attempted robbery in the second degree under Indictment No. 1063/90, upon jury verdicts, and imposing sentences. The appeal under Indictment No. 1058/90 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgments are affirmed.

Showup identifications are generally suspect and disfavored; however, they are permissible where, as in this case, they are

employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification *(People v Duuvon,* 77 NY2d 541; *People v Riley,* 70 NY2d 523). Here, the record contains no evidence of any police conduct that would have rendered the showup in question unduly suggestive *(see, People v Jackson,* 180 AD2d 756). In addition, the subsequent lineup identification of the defendant was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" *(People v Reyes,* 119 AD2d 596). We further find that the defendant's claim of ineffective assistance of counsel is without merit as he failed to demonstrate the absence of strategic or other legitimate explanations for counsel's actions *(see, People v Rivera,* 71 NY2d 705).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.