■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROBINSON, Appellant. [619 NYS2d 619] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered February 8, 1993, convicting him of burglary in the first degree, attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

A showup procedure which takes place shortly after the crime and in close proximity to the scene of a crime does not deny the defendant his right to due process (see, People v Duuvon, 77 NY2d 541; People v Riley, 70 NY2d 523; People v Love, 57 NY2d 1023; People v Redd, 137 AD2d 770). In view of the close spatial and temporal proximity to the crime, the defendant's arrest did not render the subsequent showup

constitutionally infirm *(see, People v Duuvon,* 77 NY2d 541, 543, *supra; People v Brnja,* 50 NY2d 366; *People v Rowlett,* 193 AD2d 768).

In light of our determination, the defendant's remaining contentions need not be addressed. Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.