■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW BITZ, Appellant. [619 NYS2d 158] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered April 13, 1993, convicting him of attempted burglary in the third degree, criminal trespass in the third degree, criminal mischief in the fourth degree (two counts), and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the showup identification should have been suppressed. Although the defendant was identified while handcuffed and sitting in a

marked police car in the presence of a uniformed police officer, the defendant was apprehended at the crime scene and was viewed by the eyewitness within a short time after the commission of the crime. A showup identification under these circumstances is not so unduly suggestive as to create a substantial likelihood of misidentification and thus is permissible *(see, People v Duuvon,* 77 NY2d 541; *People v Riley,* 70 NY2d 523; *People v Doherty,* 198 AD2d 296; *People v Grassia,* 195 AD2d 607; *People v Rowlett,* 193 AD2d 768).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.