■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROLD BROOKS, Appellant. [624 NYS2d 319] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery in the second degree and petit larceny for holding up a clerk at a Cadet Cleaners store in Rochester. Defendant contends that he was deprived of his right to a fair trial when, during recross-examination, a police officer erroneously testified that defendant had an outstanding parole warrant. Any prejudice to defendant that might have arisen from the mention of uncharged criminal activity was alleviated when Supreme Court sustained defendant's objection and gave prompt curative instructions to the jury *(see, People v Santiago,* 52 NY2d 865, 866; *People v Young,* 48 NY2d 995, 996; *People v Gilliard,* 171 AD2d 531, 532, *lv denied* 77 NY2d 995). In addition, following the court's curative instructions, defense counsel neither objected further nor requested a mistrial. Under those circumstances, the curative instructions must be deemed to have corrected the error to defendant's satisfaction *(see, People v Heide,* 84 NY2d 943; *People v Williams,* 46 NY2d 1070, 1071).

We reject the contention of defendant that the prejudicial impact of the officer's testimony was significantly aggravated when the court, over defense objection, permitted defendant to be taken into custody on other outstanding warrants. The jury was not present when that occurred, and there is nothing in the record to indicate that the jury was aware of defendant's arrest. (Appeal from Judgment of Supreme Court, Monroe

County, Doyle, J.—Robbery, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.