■ The People of the State of New York, Respondent, v Anthony Stafford, Appellant. [626 NYS2d 763] —Judgment, Supreme Court, New York County (Richard Andrias, J., at suppression hearing; Mary McGowan Davis, J., at jury trial and sentence), rendered April 15, 1993, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The trial court appropriately exercised its discretion in denying defendant's application to reopen the *Wade* hearing on the basis of the complainant's trial testimony that an unidentified police officer had told him "They have the person who did it" and that he was thereafter taken to another location where he immediately identified defendant as the perpetrator, despite the presence of other, non-uniformed

individuals at the showup scene. In these circumstances, the complainant's testimony did not raise "additional pertinent facts" which would require the reopening of the *Wade* hearing (CPL 710.40 [4]). Rather, a communication by a police officer in the immediate wake of a reported robbery that a witness would be viewing a suspect is an expected circumstance that does not render a subsequent showup identification unreliable (*see, People v Duuvon,* 160 AD2d 653, *affd* 77 NY2d 541). Further, in light of the complainant's immediate identification of defendant, who stood with handcuffs obscured and among others at the showup location, and who had already been identified by a police officer who had witnessed the encounter between the complainant and defendant, revelation of the unidentified police officer's comment at the suppression hearing would not have caused the hearing court to alter its original decision that the showup was proper in all respects (*see, People v Anthony,* 165 AD2d 876, 877, *lv denied* 77 NY2d 903).

The sentencing court appropriately sentenced defendant as a second felony offender, on the ground that defendant had not presented any competent factual evidence to support his claim at sentencing that a prior felony conviction was unconstitutionally obtained (*People v Harris,* 61 NY2d 9, 15). Defendant's argument at sentencing constituted a challenge to the sufficiency of the evidence of his guilt in connection with his prior felony conviction, and thus did not raise a constitutional challenge sufficient to require a hearing (*see, People v Castaneda,* 196 AD2d 760, *lv denied* 82 NY2d 848). Further, this Court affirmed defendant's prior felony conviction for grand larceny in the fourth degree, rejecting the identical claim defendant asserted at sentencing (*People v Stafford,* 173 AD2d 233). In these circumstances, the sentencing court was under no obligation to conduct any further hearing to reexamine claims already resolved against defendant on direct appeal (*see, People v Maldonado,* 196 AD2d 778, 779, *lv denied* 82 NY2d 851). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.