■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL PADILLA, Appellant. [631 NYS2d 408] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered March 5, 1991, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant contends, *inter alia,* that he was deprived of his right to due process because the hearing court denied his request to call civilian identification witnesses at the *Wade* hearing and that the showup that resulted in the defendant's arrest was unduly suggestive. It is settled law that a defendant does not have an absolute, unqualified right to examine a complaining or identifying witness at a *Wade* hearing *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Harvall,* 196 AD2d 553; *People v Christenson,* 188 AD2d 659). To the contrary, this right is triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure *(see, People v Chipp, supra),* when the People's evidence is "notably incomplete" *(see, People v Hoehne,* 203 AD2d 480; *People v Sokolyansky,* 147 AD2d 722), or when the defendant otherwise establishes a need for the witness's testimony *(see, People v Harvall, supra; People v Ocasio,* 134 AD2d 293).

Contrary to the defendant's contention, the testimony presented at the *Wade* hearing failed to raise a substantial issue as to the constitutionality of the identification procedure. Showups that are conducted in close temporal and spatial proximity to the commission of the crime being investigated are generally permissible *(see, People v Duuvon,* 77 NY2d 541; *People v Holley,* 205 AD2d 638; *People v Mitchell,* 185 AD2d 249). Given

the circumstances present in this case, we do not find that the identification procedure which was conducted while the defendant was handcuffed was constitutionally impermissible *(see, People v Bitz,* 209 AD2d 709; *People v Grassia,* 195 AD2d 607; *People v Rowlett,* 193 AD2d 768; *People v Jenkins,* 175 AD2d 648).

Any error in permitting the prosecution to elicit testimony from one of the police officers which inferentially bolstered the testimony of a witness who saw the defendant on the subway tracks *(see, People v Trowbridge,* 305 NY 471; *see also, People v Holt,* 67 NY2d 819; *People v Gordillo,* 191 AD2d 455; *People v Bryan,* 179 AD2d 667; *People v Vasquez,* 120 AD2d 757) must be considered harmless in view of the strong and positive identification that was made within minutes after the crime *(see, People v Colon,* 188 AD2d 409; *People v Burgess,* 66 AD2d 667) and the other overwhelming evidence of the defendant's guilt *(see, e.g., People v Gordillo, supra; People v Jones,* 186 AD2d 585).

The court's charge, when taken as a whole, properly conveyed the requirement that the defendant's identity must be proven beyond a reasonable doubt *(see, People v Canty,* 60 NY2d 830; *People v Vasquez,* 176 AD2d 444). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.