■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DAVIS, Appellant. [647 NYS2d 742] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered July 16, 1992, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and one count each of criminal possession of stolen property in the third degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of $12^{1}/_{2}$ to 25 years on each of the robbery convictions and $3^{1}/_{2}$ to 7 years on the remaining convictions, unanimously affirmed.

Contrary to defendant's contention that the existence of probable cause to arrest him for possession of a stolen automobile negated the need for his showup with respect to the robbery, it is well settled that a showup identification is not improper merely because the police already have probable cause to detain a suspect (*People v Duuvon*, 77 NY2d 541, 545). The showup here was the culmination of an unbroken chain of exigent events *(supra)*—officers meeting with the complainants approximately 10 minutes after the robbery, and, while interviewing them, receiving a radio transmission that a possible suspect in the robbery had been apprehended, and then immediately driving the complainants to where the suspect was being detained no more than 30 blocks from the robbery location. The identification was thus clearly "proximate in time and space to the crime and the fact that defendant was

handcuffed and in the presence of police officers did not render the procedure unduly suggestive" (*People v Aponte*, 222 AD2d 304, 304-305). Nor do we find any prejudice in the late disclosure of the *Rosario* material. We have considered defendant's other arguments, including other aspects of the showup claimed to have been suggestive, and find them to be without merit. Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.