THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BONNEN, Appellant. [653 NYS2d 648] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 3, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police. Justice O'Brien has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

However, the sole eyewitness to testify at the trial was unable to identify the defendant. In the absence of competent identification testimony, hearsay identification testimony was admitted, over objection, and without any limiting instructions, as direct evidence of the defendant's identity as the shooter. The arresting detective testified that he took people from the scene back to the station house, and, after he interviewed them "in depth * * * we learned the identity of the shooter". The detective further testified that "I was given the name of Betcho, B-E-T-C-H-O, also known as Richard Bonnen" and once he "received that name" he tried to locate the

defendant for three years. In addition, the detective testified that when the defendant was finally arrested on February 26, 1991, the detective declared "Betcho, it took me three years, but I finally got you".

The admission of the detective's hearsay identification testimony, without any limiting instruction, as direct evidence of the defendant's identification, mandates reversal. The detective's testimony was somewhat analogous to bolstering *(see, People v Holt,* 67 NY2d 819; *People v Gordillo,* 191 AD2d 455; *People v Stanley,* 185 AD2d 827), but was far more prejudicial, since there was no competent identification testimony to bolster. The thrust of the improper testimony was that identity was not even an issue in the case, since the police had already determined, after "in depth" investigation, that the defendant was the shooter, and spent years searching for the defendant based upon that determination.

This prejudice was exacerbated by the prosecutor's representation in his opening statement that he would present evidence that an additional victim "was shot during the course of this incident, and that this defendant was the shooter". At the trial, no such evidence was admitted. At the conclusion of the trial, the prosecutor revealed that he had "no information" as to that victim's whereabouts. The defense counsel promptly moved for a mistrial, but his application was denied. However, as the defense counsel aptly noted, the prosecutor's reference to that victim in his opening statement, even though he had "no idea" where that victim was, was "disingenuous". Since the evidence was far from overwhelming, the reference to this victim was unduly prejudicial, and constitutes an additional ground for reversal *(see, People v Cruz,* 100 AD2d 882; *see also, People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Altman and Goldstein, JJ., concur.