■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY STEWART, Appellant. [661 NYS2d 973] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered April 17, 1996, convicting him of robbery in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court was correct in refusing to suppress the identification of the defendant since the showup conducted was part of one rapidly unfolding sequence of events, was spatially and temporally proximate to the crime, and was not unduly suggestive *(see, People v Duuvon,* 77 NY2d 541; *People v Hicks,* 68 NY2d 234; *People v Love,* 57 NY2d 1023; *People v Padilla,* 219 AD2d 688; *People v*

*Doherty,* 198 AD2d 296; *People v Grassia,* 195 AD2d 607; *People v Rowlett,* 193 AD2d 768; *People v Mitchell,* 185 AD2d 249). Therefore, the employment of a showup procedure under these circumstances was proper *(see, e.g., People v Sturgis,* 199 AD2d 549; *People v Byrd,* 163 AD2d 407).

Further, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that, in the course of forcibly stealing property, the defendant caused the complainant physical injury *(see,* Penal Law § 10.00 [9]; § 160.10 [2] [a]; *People v Greene,* 70 NY2d 860; *People v Saboze,* 237 AD2d 387; *People v Rivera,* 183 AD2d 792; *People v Daniels,* 159 AD2d 631; *People v Brooks,* 155 AD2d 680). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Goldstein and Luciano, JJ., concur.