THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MESA, Also Known as PEDRO MENDEZ, Appellant. [669 NYS2d 218] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered July 28, 1995, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The fact that defendant was wearing handcuffs during this prompt on-the-scene showup did not make the procedure unduly suggestive (*People v Davis*, 232 AD2d 154, 155, lv denied 89 NY2d 941). Although the police had the recovered property with them due to the fast pace of the events, they did not make any suggestive use of the recovered property (see, *People v Brown*, 235 AD2d 302, lv denied 89 NY2d 1032).

The verdict was not against the weight of the evidence (see, *People v Bleakley*, 69 NY2d 490, 495). In addition to the reliable identification testimony, the evidence established that defendant was found on the roof of the victims' apartment building in possession of their property moments after the burglary.

Finally, defendant's argument that he was not properly adjudicated a persistent violent felony offender is unpreserved (see, *People v Lopez*, 192 AD2d 451, lv denied 82 NY2d 722), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant acknowledged the accuracy of the People's predicate violent felony statement, and that he was sentenced in accordance therewith. The fact that the court called plaintiff a "predicate felon" instead of a "persistent violent felony offender" is of no moment (see, *People v Watson*, 199 AD2d 184, lv denied 83 NY2d 859; *People v Williams*, 152 AD2d 861). We have considered defendant's other arguments and find them to be without merit. Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ.