■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON STEWART, Appellant. [683 NYS2d 522] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered April 10, 1995, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and 10 years to life, respectively, unanimously affirmed.

Defendant's motion to suppress was properly denied. Since, minutes after the crime, the witness was driven to a nearby location where defendant and another suspect were being held in proximity to each other and to the described getaway car, these allegedly suggestive features of the showup identification were the result of "an unbroken chain of exigent events" (*People v Davis*, 232 AD2d 154, *lv denied* 89 NY2d 1091). Under these circumstances, the showup was not rendered suggestive by defendant's proximity to the other suspect (*People v Aquino*, 202 AD2d 261, *lv denied* 83 NY2d 963), the presence of police near defendant (*People v Clark*, 251 AD2d 74, *lv denied* 92 NY2d 879), the officer's directive that the witness view defendant, nor the presence of the getaway car (*People v Hawkins*,

188 AD2d 616, 617, *lv denied* 82 NY2d 755). We note that the witness, using his common sense, could have discerned that the likely reason for the prompt arrest was that the police had located the getaway car he had described (*see, People v Stafford,* 215 AD2d 212, *lv denied* 86 NY2d 784).

Defendant's absence from two sidebar conferences did not deprive him of his right to be present at critical stages of the trial. The sidebars concerned purely legal matters (*see, People v Dickerson,* 87 NY2d 914, 915). Contrary to defendant's argument, neither of these sidebars concerned uncharged crimes attributable to defendant.

The court properly ruled that defense counsel's cross-examination opened the door to hearsay testimony, which was necessary to explain that the eyewitness did not conspire to kill the victim, as defense counsel suggested (*see, People v Melendez,* 55 NY2d 445, 451). Moreover, this testimony was not prejudicial, since it did not incriminate defendant.

The court's *Sandoval* ruling was a proper exercise of discretion (*see, People v Brown,* 194 AD2d 403, *lv denied* 82 NY2d 752). Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.