■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ABREW, Appellant. [692 NYS2d 409] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Robinson, J.), rendered October 23, 1997, convicting him of robbery in the first degree (two counts), robbery in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed March 17, 1998, upon vacating as illegal the sentences imposed October 23, 1997. The appeals bring up for review the denial, after a hearing (Sampson, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment and the resentence are affirmed.

Contrary to the defendant's contention, the hearing court did

not improvidently exercise its discretion in denying his request to call the complainant at the *Wade* hearing. A defendant does not have an absolute right to examine a complainant at a *Wade* hearing (*see, People v Peterkin,* 75 NY2d 985; *People v Chipp,* 75 NY2d 327, 336-338, *cert denied* 498 US 833; *People v Padilla,* 219 AD2d 688). Rather, this right arises only when the hearing record raises substantial issues as to the constitutionality of the identification procedure, when the People's evidence is notably incomplete, or when the defendant otherwise establishes a need for the witness's testimony (*see, People v Padilla, supra*). Here, the hearing evidence failed to raise a substantial issue as to the constitutionality of the identification procedure. The hearing court had sufficient factual detail to rule on the suggestiveness of the procedure, and its decision that it was not unduly suggestive is supported by the record.

The defendant's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.