■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORRIANDO EVANS, Appellant. [737 NYS2d 322] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered December 22, 1998, convicting defendant after a jury trial of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1]). He contends that Supreme Court should have granted his CPL 330.30 motion to set aside the verdict in its entirety on the ground that the complainant's trial testimony so undermined the *Wade* determination that the court sua sponte should have reconsidered its denial of defendant's motion to suppress the identification testimony as the product of an impermissibly suggestive showup. That contention lacks merit. Defendant did not move to reopen the *Wade* hearing (*see, People v DeBaptiste,* 286 AD2d 341; *People v Diaz,* 194 AD2d 688, 689, *lv denied* 82 NY2d 893; *People v Sumpter,* 192 AD2d 628, 629, *lv denied* 81 NY2d 1081). Further, a suppression determination must be based solely on the evidence presented at the suppression hearing, and thus the court could not reconsider its *Wade* determination based on the complainant's trial testimony (*see, People v Riley,* 70 NY2d 523, 532; *People v Gonzalez,* 55 NY2d 720, 721-722, *rearg denied* 55 NY2d 1038, *cert denied* 456 US 1010; *People v Diaz, supra* at 689). In any event, the showup was not rendered impermissibly suggestive as a result of the handcuffing of defendant (*see, People v Duuvon,* 77 NY2d 541, 545; *People v Howington,* 284 AD2d 1009; *People v Aquino,* 202 AD2d 261, 261-262, *lv denied* 83 AD2d 963; *People v Lewis,* 123 AD2d 716, 718-719, *lv denied* 69 NY2d 830), the sequence in which the suspects were separately shown to the complainant, or the fact that police elicited the complainant's identification of the shotgun before the complainant viewed defendant in the showup (*see, People v Aquino, supra* at 261-262).

Defendant was acquitted of robbery in the second degree under Penal Law § 160.10 (2) (a), and thus we do not consider his further contention that the evidence is legally insufficient with respect to the physical injury element of that crime. The sentence is not unduly harsh or severe. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.