THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FOX, Appellant. [784 NYS2d 565]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered March 27, 2003, convicting him of robbery in the first degree (two counts) and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Reichbach, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that the hearing court erred in denying his request to call the two complaining witnesses to testify at a continued *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]). The defendant was apprehended leaving the complainants' apartment building in possession of one complainant's coat and the other complainant's telephone. The police immediately conducted a showup at which the two complainants identified the defendant.

Showups conducted in close temporal and spatial proximity to the commission of the crime being investigated are generally permissible (*see People v Duuvon,* 77 NY2d 541 [1991]; *People v Holley,* 205 AD2d 638 [1994]). Here, the simultaneous viewing of the defendant by two complainants did not render the showup impermissible given the exigent circumstances of this case (*see People v Love,* 57 NY2d 1023, 1024-1025 [1982]; *People v Cleon,* 281 AD2d 554, 555 [2001]). The fact that the complainants viewed the defendant in the presence of recovered property did not render the procedure unduly suggestive (*see People v Hawkins,* 188 AD2d 616, 617 [1992]). Further, even if, as the defendant maintains, one of the officers asked the complainants if the defendant was the man who harassed them, the identification was not thereby rendered unduly suggestive (*see People v Sharpe,* 259 AD2d 639, 639 [1999]; *People v Jenkins,* 205 AD2d 642, 642-643 [1994]; *People v Stafford,* 215 AD2d 212, 213 [1995]). Contrary to the defendant's contention, it is immaterial whether the defendant stood inside the apartment or in the hallway when the identification took place.

Accordingly, the hearing court properly denied the defendant's

request to call the complainants to testify at the hearing. The defendant did not raise any substantial issues regarding the constitutionality of the identifications, the People's evidence was not notably incomplete, and the defendant did not otherwise establish a need for the witnesses' testimony (*see People v Scott*, 290 AD2d 522 [2002]; *People v Padilla*, 219 AD2d 688 [1995]). Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.