■ The People of the State of New York, Respondent, v Randall John, Appellant. The People of the State of New York, Respondent, v Levon Pratt, Appellant. [933 NYS2d 19]—

The court properly declined to suppress identification testimony. The prompt showup was part of an unbroken chain of exigent events (*see People v Serrano*, 219 AD2d 508 [1995]). Immediately after the robbery, the identifying witness pointed out the car in which his assailants were fleeing. The police pursued the car, stopped it, arrested defendants, and conducted a showup.

The overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup (*see People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]). Even assuming that the facts relating to the showup were as the officer testified on cross-examination rather than as he testified on direct and redirect examination, the showup was not unduly suggestive. "[T]he witness, using his common sense, could have discerned that the likely reason

for the prompt arrest was that the police had located the getaway car" (*People v Stewart*, 257 AD2d 442, 443 [1999], *lv denied* 93 NY2d 902 [1999]), and arrested the men whom the witness had described. Accordingly, even if the officer gave the witness unnecessary information about the circumstances of the arrest, it was information the witness would have expected.

The court's *Sandoval* ruling regarding defendant Pratt balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court minimized any potential prejudice when it precluded almost all inquiry into the underlying facts of Pratt's prior convictions.

The other evidentiary rulings challenged by defendants were proper exercises of discretion. In any event, any error regarding either or both rulings was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentences.

We have considered and rejected defendant Pratt's pro se claims. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.