■ The People of the State of New York, Respondent, v Eddie Washington, Appellant. [63 NYS3d 151]—

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 25, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that County Court erred in refusing to suppress a handgun recovered from a vehicle in which defendant was a passenger as the fruit of an unlawful traffic stop inasmuch as the police lacked probable cause to believe that the driver of that vehicle violated Vehicle and Traffic Law § 375 (40) (b). We reject that contention. "The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (*People v Hale*, 130 AD3d 1540, 1541 [2015], *lv denied* 26 NY3d 1088 [2015], *denied reconsideration* 27 NY3d 998 [2016] [internal quotation marks omitted]). Here, we conclude that there is no basis to disturb the court's determination to credit the testimony of the police officer. We also conclude that the record supports the court's determination that the officer had probable cause to believe that the driver committed a traffic violation based upon the officer's observation that the vehicle had a cracked taillight that displayed a white light when the brakes were applied rather than a "red to amber" light as required by Vehicle and Traffic Law § 375 (40) (b) (*see People v John*, 119 AD3d 709, 710 [2014], *lv denied* 24 NY3d 1003 [2014]). Furthermore, it is well established that "a suppression determination must be based solely on the evidence presented at the suppression hearing" and thus, contrary to defendant's contention, he may not rely upon a police report and a photograph of the vehicle that were not entered in evidence to challenge the court's determination (*People v Evans*, 291 AD2d 868, 869 [2002]; *see People v Carmona*, 82 NY2d 603, 610 n 2 [1993]; *People v Gonzalez*, 55 NY2d 720, 721-722 [1981], *rearg denied* 55 NY2d 1038 [1982], *cert denied* 456 US 1010 [1982]). Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.