■ In the Matter of RICHARD A. BROWN, as Justice of the Supreme Court of the State of New York, Petitioner, v KENNETH BROWNE, Respondent.—Proceeding pursuant to CPLR article 78 in the nature of prohibition and to compel the respondent, a Justice of the Supreme Court, to "close the courtroom to the public during the testimony of UC #6077" in the trial of *People v Kenneth Browne* under Queens County Indictment Number QN10243/92.

Motion by the respondent to dismiss the proceeding.

Upon the papers filed in support of the proceeding, the papers filed in opposition thereto, and the papers filed in support of the motion and in opposition thereto, it is

Adjudged that the petition is denied, and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the motion is denied as academic.

In this proceeding the District Attorney of Queens County seeks review of a determination, made in a pending criminal

action, denying an application to close the courtroom during the testimony of an undercover police officer.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569; Matter of Crain Communications v Hughes, 74 NY2d 626, 627-628). Prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous (Matter of Rush v Mordue, 68 NY2d 348, 353; La Rocca v Lane, 37 NY2d 575, 579). Nor is it available merely because there does not exist an adequate remedy at law, such as review by way of appeal (Matter of State of New York v King, 36 NY2d 59, 63). In the instant case, the petitioner failed to demonstrate that the respondent Justice was without authority to deny the application for closure of the courtroom, and therefore failed to demonstrate a clear legal right to the remedy of prohibition.

Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (see, Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16). Insofar as the closure of a courtroom during a public criminal trial is clearly a discretionary act (see, People v Hinton, 31 NY2d 71), the remedy of mandamus does not lie. Sullivan, J. P., Balletta, Rosenblatt and Pizzuto, JJ., concur.