■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL STEVENS, Appellant. [652 NYS2d 305] —Motion by the respondent to dismiss an appeal by the defendant from a purported resentence of the County Court, Suffolk County (Jones, J.), dated June 12, 1996, making a determination as to the level of notification required pursuant to the Sex Offender Registration Act (Correction Law art 6-C).

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and the appeal is dismissed.

New York's "Megan's Law" became effective January 21, 1996 (L 1995, ch 192). The statute creates a Board of Examiners of Sex Offenders (hereinafter the Board), which is charged with, *inter alia,* recommending to the court in which a sex offender was originally convicted and sentenced whether that defendant warrants the designation "sexually violent predator", and the level of notification that is required (Correction Law § 168-*l* [1], [6]). The recommendation must be made within 60 calendar days prior to the discharge, parole, or release of a sex offender (Correction Law § 168-*l* [6]), and the statute establishes three levels of notification (Correction Law § 168-*l* [6] [a]-[c]). The Board makes its recommendation to the sentencing court upon consideration of guidelines established pursuant to the statutory criteria (Correction Law § 168-*l* [5]). The defendant is afforded an opportunity to submit information to the Board (Correction Law § 168-m), and to be heard before the sentencing court (Correction Law § 168-n [3]).

The court determines whether the defendant is a "sex offender" or a "sexually violent predator" (Correction Law § 168-n [1]) and then determines the level of notification required (Correction Law § 168-n [2]) by making a circle around a number on a form and signing it. The form is then transmitted to the State Division of Criminal Justice Services (Correction Law § 168-n [4]). The court's determination is not an amended sentence or a resentence following the vacatur of the sentence originally imposed and therefore is not appealable pursuant to CPL 450.30 (3). Neither the Correction Law nor the CPL contains a provision authorizing an appeal from the determination of the court.

"It is fundamental that in the absence of a statute expressly authorizing a criminal appeal, there is no right to appeal in a

criminal case in this State (see *Matter of State of New York v King,* 36 NY2d 59, 63). Since there is no statutory provision upon which an appeal from the [determination of the court] may be predicated" (*People v De Jesus,* 54 NY2d 447, 449), the motion is granted and the appeal is dismissed (*see also, People v Laing,* 79 NY2d 166, 170). Mangano, P. J., Bracken, Rosenblatt, Miller and O'Brien, JJ., concur.