■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRAYS, Appellant. [655 NYS2d 383] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered September 6, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

As part of a "buy and bust" operation, an undercover police officer purchased four bags of crack cocaine for twenty dollars from the defendant. Within a minute of the transaction, the back-up team apprehended the defendant and, upon a confirmatory identification of the defendant by the undercover officer, arrested him. Twenty dollars of pre-recorded money was recovered from the defendant.

A *Wade* hearing was conducted wherein the defendant moved unsuccessfully to call the undercover officer as his own witness to provide a complete account of the circumstances under which the identification procedure was conducted. While the defendant acknowledges that he does not have an unqualified right to call a witness at a *Wade* hearing (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833), he nevertheless claims that his case is an exception to the general rule in that the People's evidence was "noticeably incomplete" without the undercover officer's testimony (*see, People v Harvall*, 196 AD2d 553; *People v Ford*, 188 AD2d 613). The record, however, bears out that the court was provided with the factual detail necessary to assess whether the identification procedure was unconstitutional (*see, People v Padilla*, 219 AD2d 688).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.