■ In the Matter of S.V., as Parolee, Petitioner, v JOSEPH C. CALABRESE, Respondent. [668 NYS2d 53] —Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent from enforcing his risk level determination, dated January 9, 1997, that the petitioner was a risk level two sex offender under the Sex Offender Registration Act (Correction Law § 168 *et seq.*), which was contained in the risk level determination form, and to seal the record and all papers filed in connection with this proceeding, and to require that the petitioner's name not appear in any written decisions or orders entered in this proceeding.

Cross motion by the respondent to dismiss the petition.

Ordered that so much of the petition as seeks to prohibit the enforcement of the risk level determination on the ground that Correction Law § 168 *et seq.* may not constitutionally be applied to persons convicted of sex crimes committed prior to January 21, 1996, is converted into an action for a judgment declaring that Correction Law § 168 *et seq.* is unconstitutional if applied to such cases; and it is further,

Adjudged that Correction Law § 168 *et seq.* is declared to be constitutional as applied to persons convicted of sex crimes committed prior to January 21, 1996; and it is further,

Ordered and adjudged that the cross motion is granted to the extent that the petition is otherwise dismissed, without costs or disbursements.

The petitioner was convicted on September 4, 1994, upon his plea of guilty, of sexual abuse in the first degree based on an incident involving a 10-year-old girl. Prior to the petitioner's release from prison, a hearing was conducted pursuant to Correction Law § 168-n to determine his risk level as a sex offender, in compliance with the registration and notification requirements of the Sex Offender Registration Act (*see*, Correction Law § 168 *et seq*.). After a hearing, the court classified the petitioner as a risk level two sex offender, and signed a risk level determination form to that effect.

The branch of the present petition which seeks to prohibit the enforcement of the risk level determination on the ground that the Sex Offender Registration Act is invalid insofar as it is applied to persons convicted in connection with crimes which occurred before January 21, 1996, the effective date of the Act, as such an application would violate the Ex Post Facto Clause of the United States Constitution (US Const, art I, § 10) should have been brought as an action for a judgment declaring that Correction Law § 168 *et seq*. is unconstitutional. Under the particular circumstances presented, we conclude that there is no impediment to converting that branch of the petition (*see, Matter of Morganthau v Erlbaum*, 59 NY2d 143).

Turning to the merits of that argument, we hold that retroactive application of Correction Law § 168 *et seq*. does not violate the Ex Post Facto Clause of the United States Constitution, essentially for the reasons stated in *Doe v Pataki* (120 F3d 1263) (*see also, Roe v Office of Adult Probation*, 125 F3d 47; *E.B. v Verniero*, 119 F3d 1077; *Matter of M. G. v Travis*, 236 AD2d 163; *Artway v Attorney Gen. of State of N.J.*, 81 F3d 1235; *Doe v Poritz*, 662 A2d 367; *W.P. v Poritz*, 931 F Supp 1199, *revd* 119 F3d 1077; *Nitz v Otte*, 87 F3d 1321; *Stearns v Gregoire*, 124 F3d 1079; *State of Washington v Ward*, 123 Wash 2d 488, 869 P2d 1062; *State of Arizona v Noble*, 171 Ariz 171, 829 P2d 1217; *but see, Roe v Office of Adult Probation*, 938 F Supp 1080; *State of Kansas v Myers*, 923 P2d 1024; *State of Lousiana v Babin*, 637 So 2d 814).

The petitioner's remaining contentions are not properly reviewable, either in a proceeding pursuant to CPLR article 78 in the nature of prohibition or in an action for a declaratory judgment (*see, Matter of Raphael S. v Leventhal*, 246 AD2d 659 [decided herewith]). Bracken J. P., Sullivan, Santucci and Luciano, JJ., concur.