■ In the Matter of RAPHAEL S., Petitioner, v JOHN M. LEVENTHAL et al., Respondents. [668 NYS2d 50] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from enforcing a risk level determination of the respondent John M. Leventhal dated May 13, 1997, which classified the petitioner under the Sex Offender Registration Act (Correction Law § 168 *et seq.*), and for related relief.

Cross motion by the respondents John M. Leventhal and Edward R. Hallman to dismiss the petition.

Ordered that the cross motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner is a sex offender within the meaning of Correction Law § 168-a (1) who was not definitively released from parole supervision at the time that the Sex Offender Registration Act (*see*, Correction Law § 168 *et seq.* [L 1995 ch 192]) took effect. His classification as a risk level three sex offender by the respondent John M. Leventhal, a Justice of the Supreme Court, Kings County, was not an act which can in any sense be considered as beyond the court's jurisdiction (*see generally*, *People v Nieves*, 172 Misc 2d 346). Therefore, the writ of prohibition does not lie. The absence of any right to appeal the de-

termination (*see, People v Stevens*, 235 AD2d 440, *lv granted* 90 NY2d 864; *People v Rodriguez*, 240 AD2d 351) does not compel the conclusion that relief is available by way of application for a writ of prohibition (*e.g., Matter of Brown v Browne*, 187 AD2d 580). To hold otherwise would result in this "extraordinary" writ becoming instead routine in sex-crime cases. We disagree with the result in *People v Cash* (242 AD2d 976) to the extent that it holds that prohibition is available under these or similar circumstances. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.