■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE O. HERNANDEZ, Appellant. [673 NYS2d 169] —Appeal by the defendant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered April 1, 1996, convicting him of attempted rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted rape in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We are not persuaded by the defendant's contention that the hearing court erred in denying suppression of the showup identification made by the complainant near the scene of the crime. While showup procedures are generally disfavored, they are permissible where, as in this case, they are employed in close spatial and temporal proximity to the commission of the

crime for the purpose of securing a prompt and reliable identification (*see, People v Duuvon,* 77 NY2d 541; *People v Love,* 57 NY2d 1023; *People v Grassia,* 195 AD2d 607). Additionally, there is no merit to the defendant's claim that the complainant's testimony was necessary for the prosecutor to establish a nonsuggestive identification. The record demonstrates that the court was provided with the factual detail necessary to assess whether the identification procedure was unconstitutional (*see, People v Grays,* 237 AD2d 303; *People v Padilla,* 219 AD2d 688).

The hearing court did not err in ruling that the defendant's crediblity could be impeached by a postarrest statement he made that was suppressed as having been taken in violation of his *Miranda* rights (*see, Harris v New York,* 401 US 222; *People v Maerling,* 64 NY2d 134).

The court's certification of the defendant as a sex offender pursuant to New York's "Megan's Law" (Correction Law § 168-d [1]) is not reviewable on direct appeal from the judgment (*see,* CPL 450.10, 450.30; *see also, People v Stevens,* 235 AD2d 440, *affd* 91 NY2d 270).

The defendant's remaining contentions are either without merit or do not require reversal. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.