■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GRICE, Appellant. [679 NYS2d 771] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]) and sentenced to six months' incarceration and five years' probation. The conviction arises out of conduct that occurred on January 14, 1996. One week after the incident, on January 21, 1996, the Sex Offender Registration Act ([SORA] Correction Law art 6-C) became effective. Pursuant to SORA, County Court certified that defendant is a sex offender (*see,* Correction Law § 168-d [1]), advised him of his duty to register as a sex offender as a condition of his probation (*see,* Correction Law § 168-d [2]) and assigned him a level two risk designation (*see,* Correction Law § 168-d [3]; § 168-*l* [6] [b]).

On appeal, defendant contends that the retroactive applica-

tion of SORA to conduct occurring before its effective date violates the constitutional prohibition against ex post facto legislation (*see*, US Const, art I, § 9, cl [3]; § 10, cl [1]). The certification of defendant as a sex offender (*see*, Correction Law § 168-d [1]), the risk level designation (*see*, Correction Law § 168-d [3]; § 168-*l* [6] [b]) and defendant's subjection to the notification requirements of SORA (*see*, Correction Law § 168-c [2], [3]; § 168-*l* [6] [b]; § 168-p [1]) are not part of the judgment of conviction (*see, People v Stevens*, 91 NY2d 270, 276-277). Thus, the certification, designation and notification provisions of SORA may not be challenged on direct appeal from the judgment of conviction (*see, People v Stevens, supra*, at 276-277; *People v Hernandez*, 250 AD2d 704; *People v Fitzgerald*, 249 AD2d 630; *People v Rodriguez*, 240 AD2d 351, *lv denied* 91 NY2d 912). Insofar as the registration requirement was imposed as a condition of defendant's probation, however, it is part of the sentence (*see*, Penal Law § 65.00 [2]; § 65.10) and is thus subject to challenge on direct appeal from the conviction (*see*, CPL 450.10 [1], [2]). With respect to the merits of that challenge, we conclude that the registration requirement does not violate the constitutional prohibition against ex post facto laws (*see, Matter of Parolee S. V. v Calabrese*, 246 AD2d 655; *People v Ayten*, 172 Misc 2d 571; *People v Afrika*, 168 Misc 2d 618; *Doe v Pataki*, 120 F3d 1263, *cert denied* — US —, 118 S Ct 1066). (Appeal from Judgment of Monroe County Court, Smith, J.—Attempted Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.