■ In the Matter of EL-HAJJ MALIK EL-SHABAZZ, Petitioner, v DONALD SELSKY, as Director of the Special Housing/Inmate Disciplinary Program, Respondent. [684 NYS2d 676] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of refusing to lock-in his cell, assaulting a staff member and refusing a direct order. As detailed in the misbehavior report, on October 19, 1997 petitioner allegedly refused an order from Correction Officer W. Powers to lock-in his cell, stating instead that he was going to take a shower. As petitioner began walking to the shower, Powers

stood in front of him to prevent his passage and petitioner pushed him out of the way with his right shoulder, striking Powers in the right side of his chest and shoulder. Petitioner's administrative appeal of this determination was unsuccessful, except to the extent that the penalty was reduced. Petitioner commenced this CPLR article 78 proceeding challenging the determination and we now confirm.

The detailed misbehavior report, combined with petitioner's own admission as to the conduct relating to the refusal to obey a direct order and lock-in, provides substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Notably, petitioner, as a prison inmate, was required to promptly obey the orders despite his disagreement with them (*see, Matter of McMillian v Goord*, 252 AD2d 645). Furthermore, although petitioner and his inmate witnesses steadfastly denied that petitioner came into any physical contact with Powers during the incident, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810). Petitioner's remaining contentions, including his argument that the Hearing Officer was biased or inappropriately appointed, have been examined and, to the extent they have been preserved for review, found to be lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.