■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID V. KIENE, Appellant. [685 NYS2d 623] —Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Dolan, J.), rendered October 25, 1996, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of escape in the first degree under Indictment No. 37/96. The defendant also purportedly appeals from an amended judgment of the same court, also rendered October 25, 1996, under Superior Court Information No. 80/96.

Ordered that the purported appeal from the amended judgment rendered under Superior Court Information No. 80/96 is dismissed, as no appeal was ever taken from that amended judgment; and it is further,

Ordered that the amended judgment rendered under Indictment No. 37/96 is affirmed.

On October 25, 1996, amended judgments were rendered against the defendant under Indictment No. 37/96 and Superior Court Information No. 80/96. The defendant's notice of appeal, dated November 13, 1996, refers solely to the amended judgment under Indictment No. 37/96. Consequently, the purported appeal from the amended judgment rendered against the defendant under Superior Court Information No. 80/96 is dismissed.

The issues raised in the defendant's brief, which only pertain to the amended judgment rendered under Superior Court Information No. 80/96, are not properly before this Court on the appeal from the amended judgment rendered under Indictment No. 37/96. In any event, the court's certification of the defendant as a sex offender pursuant to New York's "Megan's Law" (Correction Law § 168-d [1]) would not be reviewable on an appeal from the amended judgment rendered under Superior Court Information No. 80/96, even if such an appeal had been timely taken (*see, People v Hernandez,* 250 AD2d 704; *see also, People v Stevens,* 235 AD2d 440, *affd* 91 NY2d 270). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.