■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE O. HERNANDEZ, Appellant. [695 NYS2d 126] —Appeal by the defendant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered April 1, 1996, convicting him of attempted rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. By decision and order dated May 11, 1998, this Court affirmed the judgment (*People v Hernandez*, 250 AD2d 704). By opinion and order dated May 6, 1999, the Court of Appeals modified the decision and order of this Court and remitted the matter to this Court for consideration of the defendant's constitutional challenge to his certification as a sex offender pursuant to Correction Law § 168-d (1) and, as so modified, affirmed the decision and order of this Court (*People v Hernandez*, 93 NY2d 261).

Ordered that the judgment is affirmed.

The defendant contends that his certification as a sex offender by the sentencing court pursuant to Correction Law § 168-d (1) violated the constitutional prohibition against ex post facto laws, since he committed the subject offenses on or about February 13, 1995, and New York's Sex Offender Registration Act (hereinafter SORA) (*see,* Correction Law § 168 *et seq.*) did not take effect until January 21, 1996. The contention is unpersuasive. This Court and a number of other courts have already upheld the constitutionality of the retroactive application of the provisions of SORA to individuals convicted of sex offenses before its effective date in the face of ex post facto challenges (*see, Doe v Pataki*, 120 F3d 1263, *cert denied* 522 US 1122; *People v Langdon*, 258 AD2d 937; *People v Grice*, 254 AD2d 710; *Matter of S.V. v Calabrese*, 246 AD2d 655; *Matter of M.G. v Travis*, 236 AD2d 163). Santucci, J. P., Sullivan, Goldstein and Luciano, JJ., concur.