■ In the Matter of JOSE J. SANTIAGO, Petitioner, v WILLIAM H. BRISTOL, as Monroe County Court Judge, Respondent, and GANNETT Co. et al., Intervenors-Respondents. [709 NYS2d 724] —Petition unanimously granted without costs and judgment granted in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, judgment prohibiting respondent from enforcing his order declaring Civil Rights Law § 52 unconstitutional pursuant to NY Constitution, article I, § 8 and permitting audiovisual coverage of petitioner's trial. Pending before respondent is an indictment charging petitioner with murder in the first degree and other crimes arising from an incident in Rochester on March 1, 1999, and the District Attorney seeks the death penalty. Prior to trial, several Rochester television stations and the Gannett Co., Inc. (intervenors) moved to intervene for the purpose of obtaining an order permitting audiovisual coverage of the trial. Petitioner and the District Attorney opposed the motion, arguing, *inter alia*, that such coverage is prohibited by Civil Rights Law § 52. Among other things, petitioner alleges herein that respondent acted in excess of his authority in granting the motion to intervene. We stayed respondent's order, thus permitting the trial to proceed without audiovisual coverage pending final determination of this proceeding.

Initially, we reject intervenors' contention that petitioner has an adequate remedy at law and thus that the petition should be dismissed. Although an appeal following a conviction would bring up for review the contention that audiovisual coverage denied petitioner a fair trial (*see, Chandler v Florida,* 449 US 560, 581), it would not address the issue presented herein, whether respondent exceeded his authority in permitting the media to intervene over the objection of petitioner and

the District Attorney. Prohibition lies when a court acts "in excess of authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352; *see, La Rocca v Lane*, 37 NY2d 575, 578-579, *cert denied* 424 US 968).

We conclude that respondent acted in excess of his authorized powers in permitting the media to intervene in petitioner's criminal action. The right of the media to intervene in that action is premised upon its right of access to petitioner's trial. That right is protected by both the First Amendment (*see, Richmond Newspapers v Virginia*, 448 US 555) and Judiciary Law § 4, which mandates public trials (*see, Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430, 437). The right of access, however, is not the right to broadcast the proceedings. Intervenors have no right under the US Constitution to televise or otherwise broadcast petitioner's trial (*see, Nixon v Warner Communications*, 435 US 589, 610; *see also, Chandler v Florida, supra*, at 569), and there is no precedent in New York recognizing such a right (*see, Matter of Johnson Newspaper Corp. v Melino*, 77 NY2d 1, 8). Indeed, Civil Rights Law § 52 prohibits televising, broadcasting or taking motion pictures of a trial, and the Rules of the Chief Judge generally forbid "[t]aking photographs, films or videotapes, or audiotaping, broadcasting or telecasting, in a courthouse" (22 NYCRR 29.1 [a]). Because intervenors have no constitutional or statutory right to broadcast, respondent was without authority to permit them to intervene. In its decision, respondent indicated that he was acting pursuant to his inherent authority to control his courtroom. Respondent is not authorized, however, to exercise that authority "in a manner that conflicts with existing legislative command" (*People v Mezon*, 80 NY2d 155, 159). Rather than moving in County Court for an order permitting audiovisual coverage of petitioner's trial, intervenors should have commenced a declaratory judgment action in Supreme Court challenging the constitutionality of the statute and rule barring such coverage (*see, People v Langdon*, 258 AD2d 937). Thus, we grant the petition and grant judgment in favor of petitioner prohibiting respondent from enforcing his order. (Original Proceeding Pursuant to CPLR art 78.) Present— Pigott, Jr., P. J., Green, Pine, Wisner and Kehoe, JJ. (Filed May 25, 2000.)