THIRD DEPARTMENT, MARCH, 2002

(March 7, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD A. LEE, Appellant. [738 NYS2d 903] —Spain, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered March 3, 2000, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In connection with defendant's release to parole supervision from a prison sentence imposed upon his conviction of sexual abuse in the first degree, the Board of Examiners of Sex Offenders forwarded to the sentencing court its recommendation that defendant be classified as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see*, Correction Law art 6-C) (hereinafter the Act). The recommendation was accompanied by a risk assessment instrument and a case summary, which contained the details of defendant's criminal history, the circumstances of the sexual abuse crime and other relevant facts. County Court notified defendant that a proceeding would be held to determine his risk level classification (*see*, Correction Law § 168-n [3]). Counsel was assigned and copies of the risk assessment instrument, case summary and other relevant documents were provided to defendant's counsel (*see*, *id.*). Defendant thereafter appeared with counsel, raised an ex post facto claim and argued that the court could not consider hearsay evidence without an adversarial hearing to test the reliability of the evidence. After hearing defendant's objections, County Court concluded that level III was the proper classification.

On this appeal, defendant again argues that the Act is an impermissible ex post facto law. After reviewing the decisions of other appellate courts which have considered and rejected ex post facto claims directed at the Act (*see*, *Doe v Pataki*, 120 F3d 1263, *cert denied* 522 US 1122; *People v Grice*, 254 AD2d 710, *lv denied* 92 NY2d 1032; *Matter of S.V. v Calabrese*, 246 AD2d 655, *lv denied* 91 NY2d 814; *Matter of M.G. v Travis*, 236 AD2d 163, *lv denied* 91 NY2d 814), we reject defendant's constitutional challenge for the reasons stated in *Doe v Pataki* (*supra*). With regard to defendant's remaining claims, we agree with his challenge to the sufficiency of the order. Upon determining the appropriate risk level classification, County Court was obligated to set forth "the findings of fact and conclusions of law on which the determination is based" (Correction Law § 168-n [3]). The record contains no findings of fact or conclusions of law and, therefore, the order must be reversed and the matter remitted to County Court for compliance with the statutory mandate. We reach no other issue.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.