OPINION OF THE COURT
W. Patrick Falvey, J.
The case before the court appears to be one of first impression under the facts presented.
*584 The applicant defendant (applicant) has moved this court to issue him a new certificate of relief from disabilities (CRD) or, in the alternative, modify and enlarge his existing CRD, issued on May 27, 1981, in order to comply with Vehicle and Traffic Law § 509-cc. He has had a commercial driver’s license (CDL) since 1997. {See, Vehicle and Traffic Law § 501-a [1].)
A hearing was held on June 10, 2003, at which time the applicant withdrew any issue previously raised challenging the constitutionality of the relevant statute. Mr. Martin was the only witness to testify.
The applicant was indicted by the Yates County Grand Jury on January 16, 1981, charging him with a single count of rape in the first degree, a class B violent felony, in violation of section 130.35 of the Penal Law, alleging that on or about the 21st day of December 1980, he engaged in sexual intercourse with a female by forcible compulsion. He was 29 years of age and the victim was 27 years old at the time. The case involved the applicant drinking at a bar and later giving the victim a ride home whereupon he wanted to have sexual relations with her and she did not consent.
Mr. Martin subsequently pleaded guilty to the lesser charge of sexual abuse in the first degree, a class D violent felony, in violation of section 130.65 of the Penal Law and was sentenced on the same day, to wit: May 27, 1981, to nine months in the Yates County Jail and granted a CRD (exhibit C) pursuant to Correction Law § 702, which states in part: “Relieve the holder of all forfeitures, and of all disabilities and bars to employment, excluding the right to retain or to be eligible for public office, by virtue of the fact that this certificate is issued at the time of sentence.”
The record includes the applicant’s criminal history (court exhibit I), the underlying accusatory felony complaint containing the victim’s statement and the applicant’s admission. The court also reviewed the victim’s grand jury testimony. Furthermore, the court ordered and subsequently received a report from the Yates County Probation Department concerning the applicant’s current request. Mr. Martin also submitted a sex offender evaluation and assessment (exhibit A) prepared on May 20, 2003 by Oatka Valley Associates and an interview evaluation (exhibit B) dated March 26, 2003 prepared by Fred Coisman, Ph.D. of Karl D. Warner Clinic, in support of his application.
There is a dearth of case law on this subject but it appears that Vehicle and Traffic Law § 509-cc applies to this applicant *585 even though he received a full CRD at the time of his nine-month sentence which was served long before the effective date of the current requirements of Vehicle and Traffic Law § 509-cc. (See, Lee v Adduci, 234 AD2d 126 [1996], appeal dismissed 90 NY2d 841 [1997].)
The applicant is 52 years of age (bom on Mar. 5, 1951). He has been married to his current wife for five years and he has a son and daughter, ages 32 and 30, respectively, from a previous marriage.
Applicant is presently employed by the Ontario ARC, Abbey Industries (Abbey) in Canandaigua, New York. He first operated Abbey’s school bus transporting adults who are either mentally or physically disabled. A bus monitor is also present, approximately 96% of the time.
However, after he was told that he could not operate the bus without compliance with Vehicle and Traffic Law § 509-cc he was assigned to a supervisory position until this matter was resolved.
Before coming to New York Mr. Martin drove a school bus for a junior-senior high school in Lexington, North Carolina, for approximately 2V2 years (1995 through 1997). He then left Lexington for a higher paying job.
He indicated that when he applied for the job in Lexington, North Carolina, they asked him if he had any prior convictions within the past 10 years to which he indicated “no” given the fact that his prior conviction was in 1981. However, he did put the subject conviction on his application for his current employment at Abbey.
The applicant’s criminal history shows no arrests or convictions for any crimes since 1980, except for a 1977 arrest for driving with a suspended license and insurance violations which appear to have been dismissed.
Mr. Martin testified that he regretted what happened and he apologized to his family and the victim’s family at the time of sentence. However, his statements to the police reflected a tendency to minimize what he did by saying that the victim consented.
The applicant was sentenced on May 27,1981 to nine months in the Yates County Jail and subsequently released to parole supervision. He did not receive any sexual offender counseling, as there was no treatment available at the time. However, he did attend Alcoholics Anonymous.
The evaluations submitted by the applicant show that he represents a “low-moderate” risk for sexual recidivism. The *586 Oatka evaluation opines that, statistically, persons in the low-moderate risk category have a 21% risk of reoffending in the six years postconviction while noting Mr. Martin has had 21 years since his offense and that he has maintained a positive and productive lifestyle.
Even though applicant committed his offense prior to the effective date of the Sex Offender Registration Act (SORA) he may still be subject to it but for the fact that his sentence was completed prior to its effective date of January 21, 1996 (see People v Langdon, 258 AD2d 937 [1999]).
Inasmuch as the SORA was established to give guidelines and a process to assess the risk of a repeat offense by a sex offender and the threat posed to public safety (Correction Law § 168-Z [5]), it is germane to the question at bar. Therefore, this court has applied the risk factors of the risk assessment instrument used in conjunction with article 6-C of the Correction Law.
Applying the following relevant risk factors to Mr. Martin: (1) forcible compulsion (10 points), (2) sexual intercourse (25 points), (3) stranger to victim (20 points), (4) history of alcohol abuse (15 points), and (5) release with supervision (5 points) results in a total risk factor score of 75 points which is the threshold for “moderate risk.”
The application of the SORA to the applicant’s past crime does give relevance to his own proof of low-moderate risk of being a repeat offender.
Vehicle and Traffic Law § 509-cc (2) (b) and 15 NYCRR 6.28 (court exhibit II) provide in part that a person employed as a driver of a school bus as defined in Vehicle and Traffic Law § 509-a (1) (a) shall be disqualified from doing so permanently if convicted of sexual abuse, first degree. However, the disqualification may be waived if five years have expired since applicant was discharged or released from a sentence of imprisonment and applicant has been granted a CRD by the court having jurisdiction over such conviction specifically indicating that the court has considered the bearing, if any, the criminal offense for which applicant was convicted will have on the applicant’s fitness or ability to operate a bus transporting school children to the applicant’s prospective employment, prior to the granting of such certificate. Provided, however, that at the discretion of the commissioner the CRD may remove disqualification at any time.
Here more than five years, to wit, 21 years, have expired since Mr. Martin was discharged from his 1981 jail sentence.
*587 Furthermore, the court having had the opportunity- to observe the demeanor and credibility of the applicant while on the witness stand and after having considered the history and character of this applicant, the circumstances surrounding the crime for which he was convicted, to and including the ages of both the applicant and victim at the time of the incident, the applicant’s lack of any further criminal history or proof of reoffending for a period of over 21 years, the court determines that, after due deliberation, the applicant has sustained his burden of showing that his 1981 conviction will have no bearing on his ability or fitness to operate a bus transporting persons under the age of 21 or persons of any age who are mentally or physically disabled. Therefore, his application to amend his CRD is granted.
Defendant’s counsel to submit proposed amended CRD containing appropriate language to comply with Vehicle and Traffic Law § 509-cc (2) (b).