■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M. LASCH, Appellant. [765 NYS2d 916] —Rose, J. Appeal from an order of the County Court of Rensselaer County

(McGrath, J.), entered August 14, 2001, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In June 2000, defendant was charged in a superior court information with the crime of sexual abuse in the first degree. After counsel was assigned to represent him, he pleaded guilty to that charge and agreed to waive his right to appeal. He was sentenced, in accordance with the plea agreement, to a two-year determinate prison term. In June 2001, the Board of Examiners of Sex Offenders (hereinafter Board) conducted a risk assessment of defendant pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) and recommended that he be classified as a risk level III sex offender. County Court notified defendant that it would make its risk assessment determination at a hearing on August 14, 2001 which he had a right to attend. Defendant responded that he did not wish to attend the hearing. County Court ultimately adopted the Board's recommendation and defendant now appeals.

Initially, we agree with defendant that County Court did not comply with the requirements of Correction Law former § 168-n (3) concerning the assignment of counsel at the risk assessment hearing. The statute provides that where a sex offender was eligible to receive assigned counsel in the underlying case, as defendant was in the case at bar, the court "shall assign" counsel to represent him or her with respect to the risk assessment determination (Correction Law former § 168-n [3]). It further provides that the court shall provide notice of the hearing to the sex offender and also advise him or her of the right to be represented by counsel at the hearing (see Correction Law former § 168-n [3]). Significantly, the statute requires: "Where counsel has not been assigned, the notice shall advise the sex offender that counsel will be appointed if he or she is financially unable to retain counsel, and a returnable form shall be enclosed in the court's notice to the sex offender on which the sex offender may apply for assignment of counsel" (Correction Law former § 168-n [3]). Here, although the notice informed defendant of his right to have counsel present at the hearing, there is no indication that he was provided a returnable form whereby he could apply for the assignment of counsel even though it appears that counsel was assigned to represent him in connection with the underlying charge. Inasmuch as this omission implicates defendant's right to due process, the risk

assessment determination rendered by County Court cannot stand. Furthermore, County Court's failure to set forth "the findings of fact and conclusions of law on which the [risk assessment] determination is based" (Correction Law former § 168-n [3]; *see People v Sturdivant,* 307 AD2d 382, 383 [2003]; *People v Lee,* 292 AD2d 639, 640 [2002]) is another reason for invalidating the determination at issue. Accordingly, the matter must be remitted to County Court for compliance with the statutory mandate.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.