■ In the Matter of GREGORY HECKSTALL, Petitioner, v PATRICK McGRATH, as County Judge of Rensselaer County, Respondent. [790 NYS2d 566]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from permitting audiovisual coverage and still photography of court proceedings in petitioner's underlying criminal action.

During petitioner's arraignment on the charge of first degree murder in County Court, Rensselaer County, he objected to the presence of television and still cameras in the courtroom and requested that they be banned. Respondent, based upon his prior determination in *People v Zwack* (188 Misc 2d 761 [2001]), denied petitioner's request and indicated that he would permit audiovisual coverage of petitioner's trial, narrowly interpreting

Civil Rights Law § 52 as precluding audiovisual coverage only during the testimony of subpoenaed witnesses. Petitioner then commenced this CPLR article 78 proceeding in the nature of prohibition, seeking to prevent respondent from exceeding his authority by permitting audiovisual coverage of court proceedings.

The extraordinary remedy of prohibition is available to challenge judicial authority when a court exceeds its authorized power in a manner that impacts an "entire proceeding as distinguished from an error in a proceeding itself proper" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352-353 [1986]; *Matter of Mollen v Mathews*, 269 AD2d 42, 46-47 [2000]). Even then, the writ is rarely entertained "when doing so interferes with normal trial and appellate procedures by permitting collateral review of matters which could be cured upon direct appeal" (*Matter of Holtzman v Goldman, supra* at 569; *see Matter of McLaughlin v Eidens*, 292 AD2d 712, 713-714 [2002]).

Here, petitioner alleges that respondent ignored a clear statutory bar to cameras in judicial proceedings and the presence of cameras at his trial will result in a public spectacle that adversely affects the testimony of witnesses, the evaluation of the evidence by jurors and the conduct of counsel. Petitioner also contends that since he will be unable to demonstrate sufficient prejudice arising from the subtle effects of the cameras' presence to warrant reversal of any conviction, respondent's decision will escape meaningful review unless this Court addresses it here. We agree.

While respondent certainly has the right to control the proceedings before him and control his courtroom, that right is not absolute (*see Matter of Santiago v Bristol*, 273 AD2d 813, 814 [2000], *appeal dismissed* 95 NY2d 847 [2000], *lv denied* 95 NY2d 848 [2000]). The act by respondent that exceeded his authority was not making a ruling, which he certainly had the authority to do, but implementing a ruling interpreting Civil Rights Law § 52 in such a way that permitted third parties to violate the clear legislative mandate of that statute (*see Matter of Rush v Mordue, supra* [granting writ of prohibition where trial judge incorrectly interpreted immunity and perjury statutes]).

In 1952, the Legislature enacted Civil Rights Law § 52 forbidding audiovisual coverage of all "proceedings" in which the testimony of subpoenaed witnesses "is or *may be* taken" (emphasis added). In 1987, the Legislature enacted Judiciary Law § 218, which permitted such coverage of civil and criminal

"proceedings" on a finite basis. This law placed safeguards and limitations on coverage, including coverage of arraignments, jury selection, jury viewing, amount and type of equipment in the courtroom and protection of certain witnesses. The law also established a procedure for the application of news media to cover a particular proceeding, empowered the chief administrative judge to promulgate rules consistent with the legislation and provided punishment of contempt for violations of the law.

In 1997, after studying majority and minority reports regarding the efficacy of this experiment, the Legislature decided to discontinue audiovisual coverage in courtrooms and reverted back to the prior state of the law under Civil Rights Law § 52. Despite that statute's clear prohibition of the use of cameras in any proceeding where subpoenaed witnesses may be called, and without a request from any party or movant to permit audiovisual coverage, respondent interpreted the words of that statute so narrowly so as to permit that which the Legislature has expressly forbidden. In so doing, respondent has acted in excess of his authority (*see Matter of Santiago v Bristol, supra* at 814). Significantly, respondent's ruling does not relate to any substantive or procedural issues with respect to the underlying criminal charges, issues which clearly could not be the subject of prohibition. Rather, the ruling impacts the overall fairness of petitioner's trial in a manner which will evade effective appellate review and in a manner which is expressly prohibited by the Legislature.

As respondent has exceeded his authority, we must determine whether a writ of prohibition should be issued. Prohibition is required here because deprivation of a fair trial is a grave harm and petitioner cannot adequately address this issue on an appeal (*see Matter of Rush v Mordue,* 68 NY2d 348, 354 [1986], *supra*; *La Rocca v Lane,* 37 NY2d 575, 579 [1975]). It is undisputed that the right to a fair trial is paramount. Unfortunately, the extent to which cameras in the courtroom affect that right—including whether jurors will be unwilling to serve, witnesses reticent to testify, or attorneys prone to grandstanding—is unknown and largely unmeasurable (*see* Minority Report of Comm on Audio-Visual Coverage of Ct Proceedings, Dec. 1994, at 39-48). A criminal defendant cannot be expected to adequately show on appeal that he or she was prejudiced by such unmeasurable conduct. Because respondent's actions implicate petitioner's fundamental right to a fair trial in a way which cannot be adequately addressed on appeal, this Court will exercise its discretion in this action and grant the petition (*see Matter of Rush v Mordue, supra*; *La Rocca v Lane, supra*).

Crew III, J.P., Peters and Rose, JJ., concur. Adjudged that the petition is granted, without costs, and respondent is prohibited from permitting audiovisual coverage of petitioner's trial and any related proceedings at which the testimony of subpoenaed witnesses is or may be taken.