■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KING DAVIS, Appellant. [794 NYS2d 554]—Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered June 6, 2003. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On a prior appeal, we reversed an order determining that defendant was a level three sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), and we remitted the matter to County Court for a new hearing on the ground that the court erred in refusing to permit defendant to present evidence "on the issue whether 'the risk of repeat offense is high and there exists a threat to the public safety'" (*People v Davis,* 300 AD2d 1037, 1037 [2002]). Defendant now appeals from an order that, following the new hearing, again classified him as a level three sex offender. We are unable to review the contention of defendant that the court abused its discretion in classifying him as a level three sex offender inasmuch as he failed to include in the record the risk assessment instrument and any of the other documents on which the court relied in so classifying defendant (*see People v Taylor,* 231 AD2d 945, 946 [1996], *lv denied* 89 NY2d 930 [1996]; *see also People v Gasparik,* 52 NY2d 309, 320, *rearg denied* 53 NY2d 797 [1981]). In addition, we reject the contention of defendant that the court abused its discretion in denying his request for a second adjournment to enable him to secure documents establishing that the documents on which the court relied contained factual errors (*see generally People v Houk,* 222 AD2d 1074 [1995]). The court had previously granted defendant a two-week adjournment to allow him to gather and submit to the court any documents he wished the court to consider.

Defendant failed to challenge the constitutionality of SORA in a proper manner by commencing a declaratory judgment action in Supreme Court (*see People v Langdon,* 258 AD2d 937 [1999]; *see also* CPLR 3001; *Matter of Santiago v Bristol,* 273 AD2d 813, 814 [2000], *appeals dismissed* 95 NY2d 847 [2000], *lv denied* 95 NY2d 848 [2000]; *Schultz v City of Port Jervis,* 242 AD2d 699, 700 [1997]; *see generally Cass v State of New York,* 58 NY2d 460, 463 [1983], *rearg denied* 60 NY2d 586 [1983]). In any event, we conclude that defendant's constitutional challenges to SORA are lacking in merit. Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.