OPINION OF THE COURT
George B. Ceresia, Jr., J.
*837 On March 23, 2006 the defendant entered a plea of guilty to the crime of attempted murder second degree, a class B felony (see Penal Law §§ 110.00, 125.25). The sentencing has been scheduled to be held at 9:30 a.m. on April 21, 2006. The court has received an application from Eric Hoppel, executive producer of WNYT-TV News Channel 13, to access the proceeding using audio-visual equipment. The request necessitates a review of the scope and breadth of Civil Rights Law § 52. As relevant here, Civil Rights Law § 52, enacted in 1952,[1] recites as follows:
“No person, firm, association or corporation shall televise, broadcast, take motion pictures or arrange for the televising, broadcasting, or taking of motion pictures within this state of proceedings, in which the testimony of witnesses by subpoena or other compulsory process is or may be taken, conducted by a court” (Civil Rights Law § 52).
In 1987 the State Legislature temporarily superseded the provisions of Civil Rights Law § 52 through the adoption of Judiciary Law § 218 (see L 1987, ch 113, § 2). Judiciary Law § 218 expressly permitted trial judges, in their discretion, to permit audio-visual coverage of civil and criminal court proceedings (under certain specified guidelines) for a period of 18 months “[notwithstanding the provisions of section fifty-two of the civil rights law” (Judiciary Law § 218 [1]). Judiciary Law § 218 was extended three times (see L 1989, ch 115; L 1992, ch 187, § 1; L 1995, ch 8), ultimately expiring on June 30,1997 (see Judiciary Law § 218 [11]). Upon the expiration of Judiciary Law § 218, Civil Rights Law § 52, which had never been revoked, was automatically revived. A little over a year ago, in Matter of Heckstall v McGrath (15 AD3d 824 [2005]) the Appellate Division, Third Department, affirmed the viability of Civil Rights Law § 52 as a bar to audio-visual coverage in any court proceeding in which the testimony of subpoenaed witnesses “is or may be taken” (see Matter of Heckstall v McGrath, supra at 825).[2]
The question at hand is whether, or to what extent, Civil Rights Law § 52 may be applicable to a sentencing. Sentencings are governed by the provisions of Criminal Procedure Law article 380. While Criminal Procedure Law § 380.50 generally *838 provides for the making of statements by the prosecutor, the victim, the defendant and his or her attorney, no provision is made for the taking of testimony of subpoenaed witnesses (see CPL 380.50). The court is additionally mindful however, of the provisions of Criminal Procedure Law § 380.50 (2) (e), which recites as follows:
“(e) Where (1) the defendant has been found guilty after trial or there is no agreement between the people and the defendant as to a proposed sentence or the court, after the statement by the victim, chooses not to impose the proposed sentence agreed to by the parties; (2) the statement by the victim includes allegations about the crime that were not fully explored during the proceedings or that materially vary from or contradict the evidence at the trial; and (3) the court determines that the allegations are relevant to the issue of sentencing, then the court shall afford the defendant the following rights:
“(A) a reasonable adjournment of the sentencing to allow the defendant to present information to rebut the allegations by the victim” (Criminal Procedure Law § 380.50 [2] [e]).
With respect to the nature of the proceedings to be conducted on the adjourned sentencing date, it is not entirely clear whether defendant should be permitted to present evidence in admissible form (including the testimony of witnesses) to rebut the statements made by the victim, or whether he or she should be limited to presenting information on an informal basis. Nonetheless that issue need not be addressed at this juncture. The court finds that unless and until such a contingency develops, a sentencing is not the kind of proceeding “in which the testimony of witnesses by subpoena or other compulsory process is or may be taken” (see Civil Rights Law § 52). Thus, the court concludes that there is no statutory prohibition to audio-visual coverage of a sentencing.
Part 29 of the Rules of the Chief Judge (22 NYCRR) and part 131 of the Rules of the Chief Administrator of the Courts (22 NYCRR) govern applications of the media for permission to conduct audio-visual coverage (see 22 NYCRR 29.1 et seq.; 22 NYCRR 131.1 et seq.).[3] The court will therefore proceed to *839 determine the application pursuant to section 131.4 of the Rules of the Chief Administrator (see 22 NYCRR 131.4). Immediately prior to sentencing, the court will conduct a conference with a representative of WNYT-TV News Channel 13, the People, and counsel for the defendant.

. L 1952, ch 241.

. More recently, in Courtroom Tel. Network LLC v State of New York (5 NY3d 222 [2005]), the Court of Appeals found Civil Rights Law § 52 to be constitutional, specifically, that there was no infringement of the media’s First Amendment rights, or rights under NY Constitution, article I, § 8.

. Although part 131 was promulgated in order to implement the provisions of Judiciary Law § 218, it did not contain a corresponding sunset provi *839 sion of its own. Nor has it been revoked. As such, it still remains in effect and accordingly governs the instant application. For a comprehensive discussion of the history and background of Judiciary Law § 218 and part 131 of the Rules of the Chief Administrator, see Courtroom Tel. Network v State of New York (1 Misc 3d 328, 337-338 [Sup Ct, NY County 2003], affd 8 AD3d 164 [1st Dept 2004], affd 5 NY3d 222 [2005]).